UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANINE WEATHINGTON,

               Plaintiff,                    CIVIL ACTION NO. 12-13573

               v.                         DISTRICT JUDGE CORBETT O'MEARA

CITY OF DETROIT, et al.,            MAGISTRATE JUDGE MARK A. RANDON

              Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT
## DEFENDANT'S MOTION TO DISMISS (DKT. NO. 10)

**I.      INTRODUCTION**

      This is a *pro se* 42 U.S.C. § 1983 prisoner civil rights case.  Plaintiff, Janine

Weathington, is a Michigan prisoner currently housed at the Huron Valley Complex Women's

Facility.  Plaintiff's Complaint allegations relate to her confinement in the Wayne County Jail's

Dickerson Detention Facility between November 2011 and March 2012.  There, she alleges

Defendants subjected her to several humiliating strip searches that violated her Fourth, Fifth, and

Fourteenth Amendment rights (Dkt. No. 1).

      This matter is before the Court on the City of Detroit's ("the City") motion to dismiss

(Dkt. No. 10).[1]  Because Plaintiff failed to allege that the City's policy, practice or custom

caused the constitutional rights violation, **IT IS RECOMMENDED** that the motion be

_____

      [1]On January 17, 2013, this Magistrate Judge recommended that Defendant E. Brown be
dismissed (Dkt. No. 15).  The remaining Defendants filed an Answer on February 7, 2013 (Dkt.
No. 18).

**GRANTED** and Plaintiff's claims against the City be **DISMISSED WITH PREJUDICE**.

## II.    BACKGROUND

While serving time in the Wayne County Jail, Plaintiff alleges she was strip searched with 55 other female inmates, without reasonable suspicion (Dkt. No. 1, p. 4 (CM/ECF)). Plaintiff says the strip searches were akin to rape, in part, because they happened while male officers watched; the officers never found any contraband on her; and she suffered bacterial infections from putting her underwear back on after she was ordered to put it on a dirty floor (*Id.* at 4-5). Plaintiff alleges the searches should have been conducted professionally and in a private area, so the male officers could not observe them (*Id.* at 3-4). She claims the "jail has a blanket policy of strip searching all [inmates]" which, absent individual suspicion, violates the inmates' constitutional rights (*Id.*).

## III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained

2

that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

not do[.]  Factual allegations must be enough to raise a right to relief above the speculative

level[.]"  *Id.* at 555 (internal citation omitted).  Dismissal is appropriate if the plaintiff failed to

offer sufficient factual allegations that make the asserted claim plausible on its face.  *Id.* at 570.

The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 556 U.S. 662, 129

S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to "state a claim to relief that is plausible on its face."
> [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has
> facial plausibility when the plaintiff pleads factual content that allows the court to
> draw the reasonable inference that the defendant is liable for the misconduct
> alleged.  *Id.* at 556. The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a defendant has
> acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent
> with" a defendant's liability, it "stops short of the line between possibility and
> plausibility of 'entitlement to relief.'"  *Id.*, at 557 (brackets omitted).

*Id.* at 678.  A plaintiff's factual allegations, while "assumed to be true, must do more than create

speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to

relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing

*Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either

direct or inferential allegations respecting all the material elements to sustain recovery under

some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

Complaints drafted by *pro se* litigants are held to less stringent standards than formal

pleadings drafted by lawyers and will be liberally construed in determining whether the

complaint fails to state a claim upon which relief could be granted.  *Haines v. Kerner*, 404 U.S.

519, 520 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110

3

(6th Cir. 1991). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV.   ANALYSIS

### A.   *The City's Motion is Unopposed*

Plaintiff failed to respond to the City's motion to dismiss. Thus, it is unopposed. The local court rules in the Eastern District of Michigan required Plaintiff to file a response, if she wished to oppose the City's motion to dismiss. *See* E.D. Mich. LR 7.1(c)(1) ("[a] respondent opposing a motion must file a response, including a brief and supporting documents then available"); E.D. Mich. LR 7.1(e)(1)(B) ("[a] response to a dispositive motion must be filed within 21 days after service of the motion"). Furthermore, the Court explicitly ordered Plaintiff to file a response to the motion by February 28, 2013 (Dkt. No. 16).

### B.   *Plaintiff's Claims Against the City Fail as a Matter of Law*

The City argues that Plaintiff's Complaint should be dismissed because it does not contain any factual allegations against the City, and it fails on a theory of municipal liability.

4

The City is correct.  Plaintiff's Complaint contains no factual allegations against the City.  Other than name the City as a Defendant, Plaintiff does not mention it in the body of her Complaint.  Plaintiff was housed in Wayne County's Dickerson Detention Facility, which she acknowledges is located in Hamtramck, Michigan.  The City and Wayne County are separate entities.

Under *Monell*, in order to establish a § 1983 claim against a corporation, Plaintiff must allege that her constitutional rights were violated due to a policy, practice or custom of the City.  *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 (1978).  A claim relying on the doctrine of respondeat superior will not lie.  *See Monell*, 436 US at 691.  In order to satisfy the requirements set forth in *Monell*, Plaintiff must "identify the policy, connect the policy to the [corporation] itself and show that the particular injury was incurred because of the execution of that policy."  *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987).

Plaintiff's Complaint does not allege that her constitutional rights were violated due to the City's policy, practice or custom.  Instead, she alleges it was a *Wayne County Jail* policy that allowed the allegedly unlawful inmate strip searches.  Accordingly, Plaintiff's claims against the City should be dismissed with prejudice – because any attempt to amend would be futile: the City does not own, operate or control the Wayne County Jail.[2]

## V.    CONCLUSION

Because Plaintiff failed to allege that the City's policy, practice or custom caused the constitutional rights violation, **IT IS RECOMMENDED** that the motion be **GRANTED** and Plaintiff's claims against the City be **DISMISSED WITH PREJUDICE**.

---

[2]This Magistrate Judge takes judicial notice of this fact.  *See* Fed R. Evid. 201(b).

5

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *See McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office.  *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing.  *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response.  *See* E.D. Mich. LR 72.1(d)(3), (4).

s/Mark A. Randon              
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: March 4, 2013

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, March 4, 2013, electronically and by first class mail.*

*s/Eddrey Butts              *
*Acting Case Manager to Magistrate Judge Mark A. Randon*